**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| WILLIAM JUSTICE, II, | : | Case No. 3:24-cv-298 |
| | : | |
| Petitioner, | : | |
| | : | |
| vs. | : | District Judge Michael J. Newman |
| | : | Magistrate Judge Kimberly A. Jolson |
| | : | |
| WARDEN, LONDON CORRECTIONAL INSTITUTION, | : | |
| | : | |
| Respondent. | : | |

**REPORT AND RECOMMENDATION**

Petitioner is a state prisoner seeking habeas corpus relief pursuant to 28 U.S.C. § 2254. This matter is before the Court on Petitioner's Motion for a Default Judgment. (Doc. 9).

In his Motion, Petitioner claims he filed his habeas petition in December 2024, and he served the petition upon Respondent that same day. (Doc. 9, at PAGEID # 2118). Petitioner argues that Rule 5 of the Rules Governing Section 2254 Cases requires Respondent to file a Return of Writ or other responsive pleading within 30 to 60 days of service. (*Id.*). Petitioner notes that as of January 13, 2025, Respondent had not filed a responsive pleading.

The Motion should be denied. Default judgment is not available in federal habeas corpus. *See Brown v. United States*, No. 20-5090, 2020 WL 10054086, at *5 (6th Cir. Nov. 25, 2020) ("Default judgments in habeas corpus proceedings are not available as a procedure to empty State prisons without evidentiary hearings" because "[t]he burden to show that he is in custody in violation of the Constitution of the United States is on the prisoner . . . [n]o matter the quality of the Government's responses . . . .") (quoting *Allen v. Perini*, 424 F.2d 134, 138 (6th Cir. 1970)). *See also Martin v. Shoop*, No. 2:22-cv-4423, 2023 WL 11893598, at *1 (S.D. Ohio June 20, 2023)

(noting default judgment unavailable in habeas corpus proceedings); *Willenbrink v. Warden, Madison Corr. Inst.*, No. 1:22-cv-115, 2022 WL 4111214, at *1 (S.D. Ohio Aug. 22, 2022), *report and recommendation adopted*, 2022 WL 4292828 (S.D. Ohio Sept. 16, 2022) (and the cases cited therein) (default judgment unavailable in habeas case even where respondent failed to file an answer).

And Rule 5 does not require Respondent to answer the petition unless so ordered. Rule 5(a) of the Rules Governing Section 2254 Cases. This Court issued an Order for Answer on January 15, 2025, after Petitioner cured certain deficiencies and paid the required filing fee. (Doc. 7). The Court is awaiting an answer from Respondent, which is not due until April 15, 2025. (Notation Order Granting Motion for Extension of Time, Doc. 11).

The Undersigned therefore **RECOMMENDS** that the Court **DENY** Petitioner's motion for a default judgment. (Doc. 9).

Date: March 19, 2025  /s/Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE

**PROCEDURE ON OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such

portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).