UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| WILLIAM JUSTICE, II, | : Case No. 3:24-cv-298 |
| Petitioner, | : |
| vs. | : District Judge Michael J. Newman |
| | : Magistrate Judge Kimberly A. Jolson |
| WARDEN, LONDON CORRECTIONAL INSTITUTION, | : |
| Respondent. | : |

## REPORT AND RECOMMENDATION

Petitioner is a state prisoner seeking habeas corpus relief pursuant to 28 U.S.C. § 2254. This matter is currently before the Court on Petitioner's Motion for Release Pending Resolution of Petition. (Doc. 21). Petitioner seeks release "under electronic GPS monitoring." (*Id.* at PAGEID # 2579). For the following reasons, the Undersigned **RECOMMENDS** that the Motion be **DENIED**.

Although a federal court has authority to grant bail to a petitioner in a habeas corpus action pending a decision on the merits of the petition, *Dotson v. Clark*, 900 F.2d 77, 78–79 (6th Cir. 1990), such relief is reserved for the extraordinary case. *Lee v. Jabe*, 989 F.2d 869, 871 (6th Cir. 1993), *superseded on other grounds by statute as recognized by*, *Pouncy v. Palmer*, 993 F.3d 461, 465 (6th Cir. 2021). To be admitted to bail, a petitioner must show a substantial claim of law based on the facts surrounding the petition, and either a strong probability of success on the merits or the existence of some exceptional circumstances deserving of special treatment in the interest of justice. *Dotson*, 900 F.2d at 79. "Since a habeas petitioner is appealing a presumptively valid state conviction, both principles of comity and common-sense dictate that it will indeed be the

very unusual case where a habeas petitioner is admitted to bail prior to a decision on the merits in the habeas case." *Jabe*, 989 F.2d at 871. *See also Dotson*, 900 F.2d at 79 ("There will be few occasions where a prisoner will meet this standard.").

"Before, and during, trial, the accused enjoys a presumption of innocence, and bail is normally granted." *Glynn v. Donnelly*, 470 F.2d 95, 98 (1st Cir. 1972). But the presumption fades upon conviction, with the State acquiring a substantial interest in executing its judgment. *Id.* This combination of factors dictates a "formidable barrier" for prisoners seeking interim release while they pursue their collateral remedies. *Id.* Therefore, in the absence of exceptional circumstances, courts will not grant bail prior to a final decision on the merits unless the petitioner demonstrates not merely a clear case on the law, but also a clear and readily evident case on the facts. Even where the Court concludes that a petition raises a substantial question of law, "[m]erely to find that there is a substantial question is far from enough." *Lee*, 989 F.2d at 871 (quoting *Glynn*, 470 F.2d at 98).

Here, Petitioner argues his release is necessary because continued separation from his minor children is causing irreparable damage, and he has a job offer as an electrician waiting for him. (Doc. 21, at PAGEID # 2582). Petitioner also claims that Respondent "takes no position" regarding his petition and has "effectively concede[ed]" the merit of his claims. (*Id*. at PAGEID # 2581). Petitioner is plainly wrong in this regard, as Respondent "denies every ground for relief contained in the petition . . . ." (Return of Writ, Doc. 18, at PAGEID # 2440) (arguing that all of Petitioner's claims for relief are untimely, procedurally defaulted and lack merit).

After review of Petitioner's motion, the Undersigned concludes that Petitioner has not demonstrated exceptional circumstances to justify his release on bail or bond pending a decision on the merits of the petition. Accordingly, it is **RECOMMENDED** that Petitioner's motion (Doc.

21) be **DENIED**.  With respect to Petitioner's request that his petition be ruled on expeditiously, the Undersigned notes that the matter appears to be fully briefed and is under advisement by the Court.

Date:   May 8, 2025                             /s/ Kimberly A. Jolson
                                                KIMBERLY A. JOLSON
                                                UNITED STATES MAGISTRATE JUDGE

## PROCEDURE ON OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.  This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).