# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| WILLIAM JUSTICE, II, | : | Case No. 3:24-cv-298 |
| Petitioner, | : | |
| vs. | : | District Judge Michael J. Newman |
| | : | Magistrate Judge Kimberly A. Jolson |
| WARDEN, LONDON CORRECTIONAL INSTITUTION, | : | |
| Respondent. | : | |

## ORDER and REPORT AND RECOMMENDATION

Petitioner William Justice II, a state prisoner proceeding without the assistance of counsel, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1-1, refiled as Doc. 8). This matter is before the Court to consider the Petition, the Return of Writ (Doc. 18), Petitioner's Traverse (Doc. 19), and the limited state court record (Doc. 17). This matter is also before the Court to consider several pending motions. (Docs. 23, 27, 29, 37, 38, 43, 45, 47-52, and 54–55).

For the reasons that follow, the Court **GRANTS** Justice's motions to supplement the record. (Docs. 43, 45, and 48). Respondent's motion to strike, (Doc. 23), is **DENIED**, and Justice's objection to Respondent's motion to strike, (Doc. 29), is **OVERRULED as moot**. Justice's motions for leave to file and/or motions to strike (Docs. 37, 38, 49, 50, 51, 52, 54 and 55) are **DENIED** as repetitive and outside of the Court's briefing schedule.

Because the petition is time-barred, the Undersigned **RECOMMENDS** this action be **DISMISSED with prejudice**. The Undersigned also **RECOMMENDS** that Justice's emergency motion to grant interim release (Doc. 27) and his emergency motion for expedited ruling and immediate release (Doc. 47) be **DENIED**.

I.      **PROCEDURAL HISTORY**

Because Justice failed to file a timely appeal or a state post-conviction action, the state court record is sparse, and Ohio's Third District Court of Appeals never summarized the facts of this case. The available record reflects that on March 10, 2022, a Shelby County, Ohio, grand jury indicted Justice on one count of rape of a child, one count of kidnapping, and twenty-six counts of pandering obscenity involving a minor. (Doc. 17, at PageID 2211–19). On June 17, 2022, Justice, who was represented by counsel, entered into a negotiated guilty plea to five counts of pandering obscenity involving a minor as felonies of the second degree (Counts III through VII). (*Id*. at PageID 2224–32). The plea agreement contained a joint sentencing recommendation of twenty-five years. (*Id*.) The trial court accepted the plea and the State dismissed the remaining counts. (*Id*. at PageID 2233–34). On July 11, 2022, the trial court held a sentencing hearing. The court deviated from the joint sentencing recommendation and sentenced Justice to a minimum of thirty (30) years to a maximum of thirty-three (33) years in prison. (*Id*. at PageID 2235–39). The court's Judgement Entry of Sentencing was journalized on July 12, 2022. (*Id*.)

Justice did not file a timely notice of appeal and the time to do so expired on August 11, 2022. On October 20, 2022, more than three months after his sentencing, Justice filed a *pro se* motion for leave to file a delayed appeal and a notice of appeal. (*Id*. at PageID 2241–52). In support of his motion for leave, Justice submitted an unsigned affidavit stating he was unable to perfect a timely appeal due to lingering COVID-19 restrictions, because he was unaware of his appellate rights, and because he needed additional time to prepare the paperwork. (*Id*. at PageID 2250–54). On December 13, 2022, the Court of Appeals denied his motion for leave. (*Id*. at PageID 2272–73). Petitioner did not seek review by the Ohio Supreme Court.

On April 5, 2023, May 19, 2023, and June 22, 2023, Justice made additional, procedurally deficient attempts to file an appeal. (*Id*. at PageID 2274–75, 2287–92, 2310–23). On each of those occasions, he filed a notice of appeal but failed to file a motion for leave to file a delayed appeal as required by Ohio App. R. 5(A). The Third District Court of Appeals dismissed each attempt for lack of jurisdiction. (*Id*. at PageID 2285–86, 2308–09, 2339–40).

Justice did not file a petition for post-conviction relief in the trial court. Instead, on March 18, 2024, Justice filed a *pro se* complaint for habeas corpus relief in the Ohio Supreme Court. (*Id*. at PageID 2341–87). On April 30, 2024, the Ohio Supreme Court dismissed the case *sua sponte*. (*Id*. at PageID 2405–10).

## II.     FEDERAL HABEAS PROCEEDINGS

On November 19, 2024, Justice filed the instant habeas petition (Doc. 1-1), which is dated November 15, 2024, and includes approximately 1000 additional pages of supporting materials. (Docs. 1-2 through 1-65). The Petition was refiled as Doc. 8 after this Court issued an Order for Answer. He raises four grounds for relief: (1) ineffective assistance of counsel (ground one); prosecutorial misconduct (ground two); judicial bias (ground three); and improper evidence (ground four). (Doc. 8, PageID 1095–1100).

Respondent filed the state court record and a Return of Writ. (Docs. 17, 18). In it, Respondent argues the petition is barred by the AEDPA statute of limitations, and alternatively, the claims are procedurally defaulted and unexhausted. (Doc. 18, at PageID 2445, 2455). Justice filed a Traverse and appears to concede that his petition is untimely. He argues the Court should still consider his claims because equitable tolling applies and he is actually innocent of the crimes to which he pled guilty. (Doc. 19).

3

For the following reasons, the Undersigned **RECOMMENDS** the Petition (Doc. 8) be **DISMISSED** as time-barred. Given this finding, the Undersigned does not address the merits of his claims.

### III. THE PETITION IS TIME-BARRED

Under 28 U.S.C. § 2244(d)(1), as amended by § 101 of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, a person in custody under a state court judgment must file an application for a writ of habeas corpus within one year from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Nothing in the record suggests that § 2244(d)(1)(B) and (C) apply to this case, and Petitioner would have known the facts underlying each claim in his Petition before his conviction became final or by the end of the time for direct review. 28 U.S.C. § 2244(d)(1)(D). Consequently, his federal habeas Petition is governed by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(A).

Applied here, Justice's conviction became final on August 11, 2022, when the thirty-day period for seeking direct review of his sentence expired. *See* 28 U.S.C. § 2244(d)(1)(A); Ohio App. R. 4(A)(1) and R. 14(A). The clock for filing his federal habeas petition began to run and

expired one year later. Because he waited more than two years, until November 19, 2024, to file his petition, it is untimely.

A. **Statutory Tolling**

Under 28 U.S.C. § 2244(d)(2), the statute of limitations is tolled under certain circumstances, including during the pendency of a "properly filed" application for state post-conviction relief or other collateral review. *See Board v. Bradshaw*, 805 F.3d 769, 771 (6th Cir. 2015). "An application is '*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Board*, 805 F.3d at 772 (quoting *Artuz v. Bennett*, 531 U.S. 4, 8 (2000)).

In Ohio, if a defendant misses his 30-day window to file a direct appeal, *see* Ohio App. R. 4(A)(1), he may file a motion for leave to file a delayed appeal pursuant to Ohio App. R. 5(A). "Although a motion for leave to file a delayed appeal under Rule 5(A) requests an extension of time in which to file a direct appeal, it is considered part of the collateral review process for purposes of tolling AEDPA's statute of limitations." *Board*, 805 F.3d at 771–72. A properly filed motion for a delayed appeal tolls the one-year statute of limitations for filing a habeas petition but does not restart it. *See id.* at 772.

In this case, not all of Justice's state court filings constitute "properly filed" applications for post-conviction relief or other collateral review. As Respondent points out, Justice made four attempts to file a delayed direct appeal, but only his first attempt complied with Ohio R. App. 5(A)'s mandatory motion requirement. (Doc. 18, at PageID 2447). Under that rule, "[a] motion for leave to appeal *shall* be filed with the court of appeals and *shall* set forth the reasons for the failure of the appellant to perfect an appeal as of right." Ohio R. App. 5(A)(2). *See also Board*, 805 F.3d at 775 ("To obtain relief under Rule 5(A), a movant must include in the motion an

5

explanation of the cause for the delay and the length of the delay" and "[o]nce the movant has provided these explanations, the conditions to filing the Rule 5(A) motion have been satisfied"). The motion for leave is a requirement.

Here, on October 20, 2022, Justice filed a Rule 5(A) motion for leave to file a delayed appeal. (Doc. 17, at PageID 2247). On December 13, 2022, the Third District Court of Appeals denied his motion for leave, finding "the motion does not set forth sufficient reason for Appellant's failure [to] file a timely notice of appeal from the July 12, 2022 judgment entry of sentencing." (*Id*. at PageID 2272). Justice is entitled to ninety-nine (99) days of tolling from October 20, 2022, through January 27, 2023, when the time to file an appeal of the Court of Appeals' decision expired. *See* Ohio S. Ct. Prac. R. 7.01(A)(1)(a)(i). But he is not entitled to additional tolling in connection with the three additional notices of appeal that he filed after his first motion for leave was denied. These filings were dismissed by the Court of Appeals for lack of jurisdiction and did not comply with Rule 5(A)'s motion requirement. *See Gibson v. Warden*, No. 1:10-cv-8, 2011 WL 1429099, at *9 (S.D. Ohio Feb. 23, 2011), *report and recommendation adopted*, 2011 WL 3861687 (S.D. Ohio Aug. 31, 2011) (finding late notice of appeal was not "properly filed" for statutory tolling purposes where petitioner did not include the required motion for leave to file setting forth the reasons why a timely appeal was not perfected and noting petitioner "failed to comply with conditions for filing under the controlling state court rule").

Justice's state habeas petition also did not toll AEDPA's statute of limitations. Ohio law only permits the filing of a state habeas petition to challenge the subject-matter jurisdiction of the trial court. Ohio Rev. Code § 2725.05. "[T]he filing of an Ohio habeas petition for any other purpose would not be a 'properly filed' state post-conviction application as would toll the federal habeas time limitations period." *Washington v. Kelly*, No. No. 1:05-cv-577, 2007 WL 1592088,

6

at *12 (N.D. Ohio May 31, 2007) (citing *Williams v. Brigano*, 238 F.3d 426 at *2 (6th Cir. 2000) (unpublished table decision)). *See also Robinson v. Henderson*, No. 3:23-cv-89, 2024 WL 4856061, *9 (N.D. Ohio Nov. 21, 2024) (state habeas petition that did not challenge trial court's jurisdiction was not properly filed under Ohio law and did not toll AEDPA's statute of limitations); *Harris v. Warden*, No. 1:16-cv-795, 2017 WL 3588943, *9 (S.D. Ohio June 12, 2017) (state habeas petition did not toll § 2244(d)'s limitations period where petitioner attempted to challenge "the sentence that was imposed by the trial court, the sufficiency of the evidence supporting his convictions, and the prosecutor's conduct" rather than the trial court's jurisdiction).

In sum, the clock for filing Justice's habeas petition began running on August 11, 2022, when his conviction became final. At most he is entitled to 99 days of statutory tolling in connection with his motion to file a delayed appeal, but he waited more than two years to file this habeas action. The petition is untimely.

### B. Equitable Tolling

Although the Petition is untimely, AEDPA's statute of limitations period is not a jurisdictional bar and is subject to equitable tolling under certain circumstances. *Holland v. Florida*, 560 U.S. 631 (2010). Equitable tolling "allows courts to toll a statute of limitations when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010) (internal citation omitted). *See also Hall v. Warden*, 662 F.3d 745, 749 (6th Cir. 2011). But the equitable tolling doctrine should be granted "sparingly," *Robertson*, 624 F.3d at 784, and only where a petitioner has diligently pursued relief and extraordinary circumstances prevented his timely filing. *See Holland*, 560 U.S. at 649 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Moreover, "although 'the party asserting statute of limitations as an affirmative defense has the burden of

demonstrating that the statute has run,' the petitioner bears the ultimate burden of persuading the court that he or she is entitled to equitable tolling." *Ata v. Scutt*, 662 F.3d 736, 741 (6th Cir. 2011) (quoting *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002)).

Justice argues he was unable to file a timely habeas petition within the statute of limitations period for several reasons. (Doc. 8, at PageID 1103; Doc. 19, at PageID 2467). He alleges his trial counsel failed to inform him of critical deadlines and his right to appeal, resulting in procedural delays and untimely filings. (Doc. 19, at PageID 2467). And due to his *pro se* status, his attempts to file an appeal were dismissed for procedural technicalities. He also argues that judicial bias and prosecutorial misconduct obstructed his ability to pursue post-conviction relief. (Doc. 8, at PageID 1104). Justice states: "I acted diligently with what I had. But I was up against a sealed courtroom, a missing record, a case with no transcript, and an attorney who had one foot in the prosecutor's office and no interest in defending me." (Doc. 19, at PageID 2468–69).

No equitable tolling principles or exceptions save the Petition. First, it is not apparent from the record that Justice diligently pursued federal habeas corpus relief. Second, Justice has not demonstrated that an extraordinary circumstance prevented him from filing his habeas petition in a timely manner. Although Justice blames his trial counsel for failing to advise him regarding state appellate deadlines and procedure, this has little bearing on his ability to file a timely habeas petition in this Court. *See, e.g.*, *Cooke v. Vantell*, No. 3:24-cv-01502, 2025 WL 2607821, at *2 (M.D. Tenn. Sept. 9, 2025) (finding that "trial counsel's 'alleged failure to advise Petitioner that he was responsible for filing a notice of post-conviction relief in the state court does not constitute an extraordinary circumstance that stood in the way of Petitioner filing a timely § 2254 habeas petition and does not warrant equitable tolling.") (quoting *Wiechens v. Ryan*, No. CV 13-0900-PHX-JAT, 2013 WL 6533138, at *5 (D. Ariz. Dec. 13, 2013)). Likewise, Justice's decision to

forego state post-conviction relief due to perceived futility based on judicial bias or prosecutorial misconduct does not excuse his failure to file a timely habeas petition. *See, e.g., Cooper v. Black*, No. 5:24-cv-25-BYP, 2024 WL 5452642, *13 (N.D. Ohio June 4, 2024), *report and recommendation adopted*, 2025 WL 572875 (N.D. Ohio Feb. 21, 2025) (no equitable tolling where petitioner failed to show "and it is not otherwise apparent, how the trial judge's alleged bias prevented him from timely filing his petition in this Court").

To the extent Justice cites his *pro se* status as a reason he could not comply with the statute of limitations, the Sixth Circuit has consistently held that "a petitioner's *pro se* status, lack of legal knowledge, or lack of access to legal materials are not sufficient to warrant equitable tolling." *Cunningham v. Warden*, 2:24-cv-291, 2025 WL 562876, at *7 (S.D. Ohio Feb. 20, 2025) (citing *Hall,* 662 F.3d at 750-51 (rejecting petitioner's equitable tolling argument based on his *pro se* status, limited access to law-library and lack of access to the trial transcript)). *See also Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991) (finding "ignorance of the law alone is not sufficient to warrant equitable tolling"); *Wilkes v. Watson*, No. 5:23-cv-01773, 2025 WL 1222674, at *7 (N.D. Ohio Apr. 28, 2025), *report and recommendation adopted*, 2025 WL 2802402 (N.D. Ohio Oct. 2, 2025) (noting that "ignorance of AEDPA's limitation period" and "ignorance or confusion about state appellate deadlines" does not warrant equitable tolling) (internal citations omitted).

Simply put, Justice has not satisfied his burden to establish that the statute of limitations should be equitably tolled.

C.  **Actual Innocence Exception**

In addition to equitable tolling, "[a] habeas petitioner is entitled to an equitable exception to AEDPA's one-year statute of limitations if he makes a credible showing of actual innocence." *Davis v. Bradshaw*, 900 F.3d 315, 326 (6th Cir. 2018) (citing *McQuiggin v. Perkins*, 569 U.S. 383,

9

392 (2013)); *Souter v. jones*, 395 F.3d 577, 599 (6th Cir. 2005). This type of actual-innocence claim "does not by itself provide a basis for relief . . . but is instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." *Schlup v. Delo*, 513 U.S. 298, 315 (1995). Like equitable tolling, this exception is applied sparingly, and a petitioner bears the burden of demonstrating entitlement to the exception. *See Davis*, 900 F.3d at 326; *Ata v. Scutt*, 662 F.3d 736, 741 (6th Cir. 2011). The standard is "demanding" and "permits review only in the 'extraordinary' case." *House v. Bell*, 547 U.S. 518, 538 (2006) (citing *Schlup*, 513 U.S. at 327); *see also McQuiggin*, 569 U.S. at 385.

In order to grant a gateway-based claim of actual innocence, a court must be persuaded that "in light of the new evidence, no juror, acting reasonably, would have voted to find [petitioner] guilty beyond a reasonable doubt." *McQuiggin*, 569 U.S. at 385 (citing *Schlup*, 513 U.S. at 329). In this context, "actual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). This means a petitioner must "do more than only undermine the state's case." *Hubbard v. Rewerts*, 98 F.4th 736, 748 (6th Cir. 2024). *See also Guadarrama v. United States*, No. 16-6218, 2017 WL 3391683, at *3 (6th Cir. Feb. 13, 2017) (finding no new evidence where petitioner argued only that the evidence presented at trial was insufficient to convict). In the extraordinary case, a petitioner may make a sufficient showing with new reliable evidence that can "supply any alibi, point to any alternative perpetrator, or otherwise render the State's theory of the case impossible." *Houston v. Davis*, No. 24-3280, 2025 WL 590895, at *3 (6th Cir. Feb. 24, 2025).

In *Connolly v. Howes*, 304 F. App'x 412, 417 (6th Cir. 2008), the Sixth Circuit indicated in an unpublished decision that a petitioner can claim actual innocence even after entering a plea. But some district courts have noted that "the cases the Sixth Circuit relied upon for that proposition

10

concerned procedural default, not the AEDPA limitations period." *Nolan v. Mazza*, No. 24-61-DCR-CJS, 2024 WL 5131833, *5 (E.D. Ky. Nov. 26, 2024) (citing *Shofner v. Green*, No. 0:20-cv-23-KKC-HAI, 2020 WL 8475034 (E.D. Ky. Apr. 16, 2020)). This has resulted in some inconsistency among the district courts in the Sixth Circuit as to whether a petitioner who entered into a plea agreement may argue actual innocence to overcome an untimely habeas petition. *See, e.g.*, *Camelin v. Warden*, No. 2:21-cv-4070, 2022 WL 683454, *8 (S.D. Ohio Mar. 8, 2022) (considering actual innocence argument but noting that a petitioner must also demonstrate actual innocence of any charges the government dismissed as a result of the plea); *Robinson v. Sheldon*, No. 3:14-cv-0201, 2015 WL 7428632, *5 (N.D. Oh. Oct. 20, 2015) ("[A] petitioner may claim actual innocence for purposes of equitable tolling, even if his conviction was the result of a plea."). *But see Cooke v. Vantell*, No. 3:24-cv-01502, 2025 WL 2607821, at *2 (M.D. Tenn. Sept. 9, 2025) ("[A] guilty plea dispels any notion that Petitioner is eligible to assert a viable claim of actual innocence as a gateway for allowing consideration of otherwise time-barred claims.") (internal citation omitted); *Whelan v. Krow*, No. 0:25-cv-46-DLB-HAI, 2025 WL 1509002, *3 (E.D. Ky. May 8, 2025) (noting that "some courts in this Circuit have held that *Souter*'s actual-innocence exception does not apply when the petitioner pleaded guilty" and remarking that "[t]his approach makes sense") (citing cases); *Cain v. Bonn*, No. 24-cv-11811, 2025 WL 1019753 (E.D. Mich. Apr. 4, 2025) (noting that "any actual innocence exception to AEDPA's statute of limitation is particularly inapplicable, because Cain pled no-contest to the[] charges.").

To be sure, demonstrating a petitioner's actual innocence is exceedingly difficult when that petitioner has pleaded guilty and prevented the State from developing a factual record. It is even harder where the petitioner, like Justice here, never moved to withdraw his plea in the state courts and never attempted to develop or present new evidence in a state post-conviction proceeding. But

11

even assuming Justice can claim actual innocence after entering into a counseled and negotiated plea agreement, he fails to produce the kind of "new reliable evidence" required for an actual innocence claim.

Before turning to Justice's arguments regarding his actual innocence, the Court must address his attempts to supplement the record.

       *1.*       *Motions to supplement the record and file additional replies*

Justice asks the Court to supplement the record and/or consider three categories of information in support of his claim of actual innocence.  First, he seeks leave to supplement the record with email correspondence between his sister, Diana Hensley, acting on his behalf, and the Ohio Bureau of Criminal Investigation (BCI).  (Docs. 43, 45).  This correspondence consists of a request by Hensley for BCI to produce forensic records central to the claims in this habeas action (Doc. 43-1), and a response by the Ohio Attorney General's Office that BCI does not have records responsive to that request.  (Doc. 45-2).  Justice claims the correspondence demonstrates "Respondent's ongoing failure to disclose public forensic material that is relevant and favorable to his claims . . . ."  (Doc. 43, at PageID 2805).

Next, Justice moves to supplement the record with evidence and argument pertaining to his arrest and extradition, including a Pennsylvania police report.  (Doc. 48).  He asserts this evidence demonstrates fabricated arrest records, employer-assisted ambush in connection with his unlawful arrest, illegal seizure of his digital property, evidence tampering, improper extradition, a coerced plea, and fruit of the poisonous tree violations.  (Doc. 48 at PageID 2872).

Finally, on April 30, 2025, Diana Hensley filed her own affidavit and supplemental affidavit in this case.  (*See* Doc. 20, Affidavit of Diana Hensley in Support of Traverse; Doc. 20-1, Supplemental Affidavit of Diana Hensley in Support of Traverse).  Respondent filed a motion

to strike the affidavits on the basis that Hensley is not a party to this case and is not permitted, as a non-lawyer, to represent Justice in this matter. (Doc. 23). Respondent also argues the Hensley affidavits constitute evidence outside of the state court record and are barred by *Cullen v. Pinholster*, 563 U.S. 170, 181-82 (2011). Petitioner filed an "objection" to Respondent's motion to strike, arguing Hensley's affidavits are necessary to resolve his claims of actual innocence and should be considered by the Court. (Doc. 29).

The Court may consider evidence outside of the state court record in order to assess whether equitable tolling or a gateway claim of actual innocence permits consideration of an otherwise time barred petition. *See, e.g.*, *Sapp v. Jenkins*, No. 2:17cv1069, 2023 WL 1793533, at *5 (S.D. Ohio Feb. 7, 2023). Therefore, the Court **GRANTS** Justice's motion to supplement the record with the email correspondence pertaining to his request for BCI forensic records (Doc. 43) and his motion to file a sur-reply regarding his notice that there are no BCI records (Doc. 45). The Court also **GRANTS** Justice's motions for leave to supplement the record with the documentation surrounding his arrest. (Doc. 48).

However, the Undersigned admonishes Justice that the Affidavit of Diana Hensley, (Doc. 20), and Supplemental Affidavit, (Doc. 20-1), are improper. Hensely is not a party to this action and as a non-lawyer, she may not file documents on his behalf. However, in this instance only and in the interests of justice, the Undersigned will consider the Affidavits as it is apparent Justice intended them to be filed and considered by the Court in connection with his gateway claim of actual innocence. Accordingly, the Undersigned **DENIES** Respondent's motion to strike (Doc. 23) and **OVERRULES** Petitioner's objection to Respondent's motion to strike **as moot**. (Doc. 29).

13

    2.  *Analysis*

While represented by counsel, Justice entered into a negotiated plea agreement whereby he pleaded guilty to five counts of pandering obscenity involving a minor, and in exchange for his plea, the State dismissed the most serious charges against him, including charges of rape of a child and kidnapping. When Justice signed the Petition to Enter a Plea of Guilty (Felony) form, he acknowledged that he was 42 years old and had obtained his GED, he was able to read and write, he was represented by counsel, he received a true copy of the Indictment, he understood all the facts and circumstances involved in the charges against him, he understood the underlying agreement upon which the plea was based, his guilty plea was freely and voluntarily made, and there was a factual basis for the plea of guilty. (Doc. 17, at PageID 2224).

Now, many years later, Justice argues he is actually innocent of the charges. He claims the following:

> Petitioner's evidence – including suppressed medical records from multiple physicians finding no harm to the alleged victim, photographic tattoo discrepancies, MEID identification proving device misattribution, and video-documented coercion during the plea – was never reviewed by any judge or jury. No trial was ever held. No findings of fact were entered. The courtroom was sealed, and no transcript was created. Therefore, the factual predicate of Petitioner's claims has never undergone adversarial testing, making the evidence not only "new" under *Schlup*, but also "unreviewed" in any meaningful legal sense.

(Doc. 19, at PageID 2469–70).

As an initial matter, that fact that no trial was held and no transcripts were created is not evidence of innocence. Justice made a choice to waive his right to a trial. By pleading guilty, he got the benefit of having the most serious charges against him dismissed, and he waived his right to subject any charges to "adversarial testing." Likewise, a transcript was never created because Justice failed to timely appeal his sentence or sufficiently demonstrate why leave should be granted for a late appeal. His own actions resulted in his case being "unreviewed" by the state courts.

14

Justice has filed over one thousand pages of documents with his petition, but most of that documentation consists of repetitive and conclusory allegations about how his counsel and the trial court failed him. He challenges counsel's investigation and her lack of faith in him, he alleges the PSI writer was biased, he blasts the trial court who deviated from the joint sentencing recommendation, and he claims video evidence shows his plea was coerced because he was visibly unsettled. He also claims his employer ambushed him and assisted law enforcement with his arrest on a warrant. None of this establishes his actual, factual innocence of the crimes. Similarly, the fact that he requested but did not receive records from BCI is not evidence of his innocence.

And, importantly, Justice may not meet his burden of establishing his actual innocence merely by attacking the sufficiency of the State's evidence. He claims "suppressed medical records from multiple physicians" determined there was no harm to the two-year old child. Justice does not provide any evidence to support this contention, but in any event, under Ohio law, physical harm is not an element of the crime of pandering obscenity involving a minor, so any lack of harm or injury does not establish his factual innocence of those charges. *See* ORC § 2907.321(A)(1). He argues he tried to tell his trial counsel about tattoo and hair color discrepancies that suggest he was not the actual perpetrator of the rape and/or the alleged victim was not the actual child depicted. Again, the state dismissed the rape charge and all of this information was known to Justice when he decided to waive his right to a trial and plead guilty to pandering.

Justice's best argument is that other people may have had access to his devices or google account. But this assertion is speculative and conclusory, and without more, does not satisfy the demanding actual innocence standard. When Justice entered his plea, he had personal knowledge that others may have had access to certain devices. He elected not to challenge the state's case.

15

At bottom, Justice fails to offer "new reliable evidence" that is "so strong that a court cannot have confidence in the outcome of his guilty plea. *See Connolly v. Howes*, 304 F. App'x 412, 419 (6th Cir. 2008). Consequently, he fails to make a threshold showing that he has a credible claim of actual innocence based on new reliable evidence. *Id.* at 417; *Souter,* 395 F.3d at 590. The petition is time-barred and the Undersigned **RECOMMENDS** this action be **DISMISSED**.

The Undersigned further **RECOMMENDS** that Justice's emergency motion to grant interim release (Doc. 27) and his emergency motion for expedited ruling and immediate release (Doc. 47) be **DENIED**.

## IV. REMAINING PENDING MOTIONS

During the course of these proceedings, Justice has inundated this Court with various Notices and Motions to strike or file additional replies which constitute attempts to repetitively brief matters outside of the Court's briefing schedule. For this reason, the Court **DENIES** the following motions: Motion to file supplemental motion to strike Respondent's improper filing (Doc. 37); motion to strike (Doc. 38); motion for leave to file (Doc. 49); motion to Strike (Doc. 50); motion to file document under seal (Doc. 51); motion for leave to file (Doc. 52); motion for leave to file (Doc. 54); and motion for leave to file (Doc. 55).

## V. CONCLUSION

### IT IS THEREFORE ORDERED THAT:

1. Justice's motions to supplement the record, Docs. 43, 45, and 48, are **GRANTED**.
2. Respondent's motion to strike, Doc. 23, is **DENIED**, and Justice's objection to Respondent's motion to strike, Doc. 29, is **OVERRULED as moot**.
3. Docs. 37, 38, 49, 50, 51, 52, 54 and 55 are **DENIED** as repetitive and outside of the Court's briefing schedule.

16

**IT IS THEREFORE RECOMMENDED THAT:**

Because the petition is time-barred, this action should be **DISMISSED with prejudice**. Justice's emergency motion to grant interim release (Doc. 27) and his emergency motion for expedited ruling and immediate release (Doc. 47) should also be **DENIED**.

**IT IS SO ORDERED AND RECOMMENDED.**

Date: January 26, 2026                    /s/ Kimberly A. Jolson
                                          KIMBERLY A. JOLSON
                                          UNITED STATES MAGISTRATE JUDGE

**PROCEDURE ON OBJECTIONS**

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence, or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(B)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo and operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are further advised

that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.